IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILLIAM TUCKER, | § | |
| | § | |
| Defendant Below, | § | No. 467, 2025 |
| Appellant, | § | |
| | § | Court Below–Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 2308000401 (N) |
| | § | |
| Appellee. | § | |

Submitted: April 22, 2026
Decided: July 10, 2026

Before **SEITZ**, Chief Justice; **TRAYNOR** and **GRIFFITHS**, Justices.

## <u>**ORDER**</u>

After consideration of the no-merit brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the appellee's response, and the Superior Court record, it appears to the Court that:

(1)     In November 2023, a Superior Court grand jury indicted the appellant, William Tucker, for one count of possession of a firearm by a person prohibited ("PFBPP"), among other offenses.[1] On July 22, 2024, the case proceeded to a jury trial. Officer John Mueller testified that on August 1, 2023, he executed a lawful search of Room 130 of the Fairview Inn, a room registered to a "Tom Jackson" and

---

[1] At Tucker's request, the PFBPP charge was severed from the other counts, which were later dismissed.

where the police believed Tucker was staying. Tucker was, in fact, in the hotel room when the search was executed. Tucker informed Officer Mueller that there was a firearm in a black bag located in the room's closet under some bags of laundry. Video and audio footage captured by another police officer's body-worn camera was introduced into evidence. The footage shows several police officers in Room 130 during the execution of the search. Tucker responds in the affirmative when a female police officer asks Tucker, "You said your ID is in the bag with the weapon?" Tucker then elaborates, "That's why my ID is in [the bag]; I'm not, like, hiding it because that's protection for me and my kids." The video footage also shows (i) Officer Mueller removing a black Nike fanny pack from the hotel room's closet, unzipping the bag, opening a wallet, and withdrawing Tucker's state-issued identification card from it; (ii) Officer Mueller clearing a firearm and taking photographs of it, and (iii) another officer taking photographs of Tucker's ID card and the Nike fanny pack.

(2)     At the police station, Tucker was *Mirandized* and gave a videotaped statement to Detective Jesse Guevara. In the recorded statement, which was played for the jury, Tucker affirms that he possesses a firearm but explains that there are a "lot of things going on in the city" and that he has the firearm to protect his children. Detective Anthony Pantalone processed the firearm and testified that he was unable to recover any fingerprints from it and that the DNA swabs taken from it were not tested. Nicholas Lano, from the Delaware State Police Forensic Firearm Services

2

Unit, confirmed that the recovered firearm was operable. Finally, the parties stipulated that Tucker was a person prohibited from possessing or controlling a firearm. After the State rested, Tucker moved for a judgment of acquittal, which the Superior Court denied. The defense presented no evidence and argued that the State had failed to prove that Tucker had possessed the firearm beyond a reasonable doubt.

(3) The jury found Tucker guilty of PFBPP. The Superior Court immediately sentenced Tucker to fifteen years of incarceration, suspended after ten years for eighteen months of Level III probation. This is Tucker's direct appeal.

(4) Tucker's counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c). The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold. First, the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could arguably be raised on appeal.[2] Second, the Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[3]

(5) Counsel asserts that, after a complete and careful examination of the record, she can identify no arguably appealable issues. Counsel informed Tucker of

---

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[3] *Penson*, 488 U.S. at 81-82.

the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and a draft of the accompanying brief. Counsel also informed Tucker of his right to supplement his attorney's presentation. Tucker has raised several issues for the Court's consideration. The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(6) Tucker's points may be fairly summarized as arguing: (i) there was insufficient evidence to support his PFBPP conviction; (ii) the administrative search warrant was not supported by probable cause; (iii) the arrest warrant was defective; (iv) Detective Guevara's testimony at the preliminary hearing was equivocal and contradicted evidence presented at trial; (v) the prosecutor attempted to mislead the jury during her opening and closing arguments; and (vi) his sentence is illegal. Tucker's arguments are unavailing.

(7) In support of his claim that his conviction should be reversed, Tucker identifies alleged inconsistencies among the State's witnesses' trial testimony and a misstatement by the trial court when it read the parties' stipulation to the jury.[4] We understand Tucker to be arguing that the State's evidence was insufficient to support his conviction for PFBPP. We review an insufficiency-of-evidence claim *de novo* to

---

[4] App. to Opening Br. at A139-A140 ("THE COURT: Ladies and gentlemen, the parties have agreed to a stipulated fact. The State of Delaware and the defendant, William C. Taylor [*read: Tucker*], by and through his attorney, hereby stipulate that on or about the first day of August, 2023, William Tucker was a person prohibited by Delaware law from possessing or controlling a firearm as defined under 11 Del. Code, Section 222.").

determine whether, when viewing the evidence in the light most favorable to the State, any rational trier of fact could have found Tucker guilty of PFBPP beyond a reasonable doubt.[5] In doing so, we draw no distinctions between direct and circumstantial evidence.[6] Here, Tucker admitted by stipulation that he was a person prohibited from possessing or controlling a firearm. Tucker told the police officers that a firearm was located in a black bag with his ID card in the closet of Room 130 and that he had the firearm for protection. At the police station, Tucker also advised Detective Guevara that he had a firearm to protect his children. In short, the State presented sufficient evidence for a rational factfinder to find that Tucker was guilty of PFBPP.[7]

(8)    Turning to Tucker's argument that the officers lacked probable cause to secure the administrative warrant executed at Room 130, we are unable to review it because Tucker did not move to suppress the State's evidence in the Superior Court.[8]

---

[5] *Robertson v. State*, 596 A.2d 1345, 1355 (Del. 1991).

[6] *Id.*

[7] *See* 11 *Del. C.* § 1448(b) ("Any prohibited person… who knowingly possesses… a deadly weapon… while so prohibited shall be guilty of possession of a deadly weapon… by a person prohibited.").

[8] *Swanson v. State*, 2025 WL 3778943, at *3 (Del. Dec. 31, 2025) ("Evidence that is relevant to the reasonableness of a search or seizure is frequently irrelevant and inadmissible at trial. Here, [the defendant's] failure to move to suppress the challenged evidence before trial effectively precluded the State from establishing an evidentiary record that would support a finding by the trial court that the officers' search … was constitutionally permissible. Under the circumstances, it would be fundamentally unfair for this Court to consider [his] Fourth Amendment claim.").

(9)     We review Tucker's remaining arguments for plain error because they were not raised below.[9] There is no error, plain or otherwise, here. With respect to his arrest warrant, Tucker claims that it improperly identifies the Fairview Inn as his residential address, does not explain how the police learned that Tucker was occupying Room 130, and was improperly issued after his arrest. First, neither Tucker's residential address nor the manner by which the police determined that Tucker was in Room 130 is material to whether there was probable cause for his arrest.[10] Moreover, Justice of the Peace Court Criminal Rule 4, which governs arrest warrants, requires only that a warrant identify the name of the defendant and describe the offenses charged.[11] The warrant here met those requirements. Second, Delaware law authorizes police officers to arrest an offender without an arrest warrant under a variety of circumstances[12] as long as the arrested person is then taken "without unreasonable delay" before the nearest available Justice of the Peace Court and a complaint with the required showing of probable cause is filed "forthwith."[13] Here,

---

[9] Del. Supr. Ct. R. 8.

[10] *See* J.P. Ct. Crim. R. 4(a) ("If it appears from the complaint, or from an affidavit or affidavits filed with the complaint, that there is probable cause to believe that an offense has been committed and that the defendant has committed it, a warrant for the arrest of the defendant shall issue to any officer authorized by law to execute it.").

[11] J.P. Ct. Crim. R. 4(c)(1) ("The warrant shall be signed by the Justice of the Peace and shall contain the name of the defendant or, if the defendant's name is unknown, any name or description by which the defendant can be identified with reasonable certainty. It shall describe the offense charged in the complaint….").

[12] 11 *Del. C.* § 1904.

[13] J.P. Ct. Crim. R. 5(a).

the police were authorized to arrest Tucker without a warrant for both the new felonies for which he was charged and his violation of the terms of his probation,[14] Tucker was promptly taken before a Justice of the Peace, and a complaint setting forth probable cause for his arrest was timely filed.

(10) Tucker also complains that Detective Guevara was unable to personally verify some of the information contained in the arrest warrant in his testimony at Tucker's preliminary hearing. But Detective Guevara was not required to have first-hand knowledge of the facts that he alleged in the warrant.[15] And, at a preliminary hearing, "[t]he finding of probable cause may be based upon hearsay evidence in whole or in part."[16] Detective Guevara's lack of personal knowledge of some of the events leading to Tucker's arrest is simply not grounds for reversal.

(11) Tucker's next argument—that the prosecutor attempted to mislead the jury by claiming, erroneously, that Tucker had admitted to the officers that his ID card would be found in the fanny pack together with the firearm—is belied by the record. Specifically, Tucker's claim is contradicted by the audio and video footage admitted into evidence, in which Tucker confirms that his ID card is in a bag with the firearm.

---

[14] 11 *Del. C.* § 1904(b), (c).

[15] *Sexton v. State*, 397 A.2d 540, 545-46 (Del. 1979), overruled on other grounds by *Hughes v. State*, 437 A.2d 559 (Del. 1981).

[16] Del. Super. Ct. Crim. R. 5.1(a).

(12) Finally, Tucker's claim that his 2018 conviction for PFBPP is a non-violent felony is without merit. Both Tucker's 2010 conviction for possession with intent to deliver cocaine and his 2018 conviction for PFBPP are violent felonies.[17] Tucker was therefore properly sentenced to a minimum-mandatory term of ten years of incarceration as required by 11 *Del. C.* § 1448(e)(1)(c).[18]

(13) The Court has reviewed the record carefully and has concluded that Tucker's appeal is wholly without merit and devoid of any arguably appealable issues. We also are satisfied that Tucker's counsel has made a conscientious effort to examine the record and the law and has properly determined that Tucker could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. Counsel's motion to withdraw is moot.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[17] 11 *Del. C.* § 4201(c).

[18] *Id.* § 1448(e)(1)(c) (establishing a minimum-mandatory sentence of ten years of incarceration if the offender has been convicted on two or more separate occasions of any violent felony).

8